**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MEHMET BATUK,** | : | |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-4839** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                              **July 14, 2026**

## MEMORANDUM

Petitioner Mehmet Batuk filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 ¶ 9 [hereinafter Pet.].  Batuk alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates, among other things, his Due Process rights and the Immigration and Nationality Act ("INA").  *Id.* ¶¶ 48–61.

Batuk is a noncitizen from Turkey.  Pet. ¶ 62.  He entered the United States in 2024 without inspection.  *Id.* ¶ 2.  Batuk was apprehended by Customs and Border Patrol, placed in removal proceedings, and apparently released on his own recognizance.  *Id.*  Thereafter and due to his ethnicity and political affiliations, he filed an application for asylum, which appears to remain pending.  *Id.* ¶¶ 3, 60.  On July 8, 2026—more than two years after Batuk entered the country— ICE detained him without notice and without a reason for his detention.  *Id.* ¶ 62.

The Government filed a notice informing the Court that, "in the interests of expeditious resolution, [the Government] files this Notice and Response to advise the Court that this matter is legally and factually similar to recent cases briefed and decided by this Court, and therefore [the

Government] will file a full opposition brief in this case only on request of the Court." ECF No. 6 at 1 (hereinafter "Gov't Resp."). The irony is not lost on this Court that the Government now seeks to make these proceedings efficient even though its own actions—which the Eastern District of Pennsylvania has deemed illegal and premised on a dubious statutory interpretation hundreds of times by now—are responsible for the fusillade of cases that have inundated the Court's dockets. *See also Once Chillogallo v. Jamison et al.*, 2026 WL 295741, at *1 (E.D. Pa. Feb. 4, 2026) ("[F]or each rejection of the government's legal position and granting of habeas relief to petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district.").

Even without the benefit of full briefing, it does not take a clairvoyant to see that, to the extent that the Government premises its arguments in opposition on the typical points concerning the "correct interpretation of § 1225(b)(2)(A)," the law favors Batuk's position. Accordingly, and for the same reasons given in the hundreds of other cases dealing with this issue, the Court holds that Batuk's detention violates the INA. *See, e.g.*, *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Bhatia v. O'Neill*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025).

This Court therefore grants Batuk's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Batuk is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Batuk under 8 U.S.C. § 1226(a) for seven days following his release.